NATIONAL SURETY COMPANY, Plaintiff, *v.* BANK OF THE MANHATTAN COMPANY and Another, Defendants.*

Supreme Court, New York County, October 26, 1928.

*Stewart Maurice* [*H. D. Guthrie, Jr.,* of counsel], for the plaintiff.

* Affd., 225 App. Div. 849.

*Rushmore, Bisbee & Stern* [*George N. Hamlin* of counsel], for Bank of the Manhattan Company.

*Rumsey & Morgan* [*Harry N. Arnold* and *John T. Carpenter* of counsel], for Bank of America.

TIERNEY, J. The plaintiff is assignee of the firm of Tucker, Anthony & Co. who were depositors in the Bank of the Manhattan Company. During the years 1921 to 1923, inclusive, a number of checks that were collected through deposit in the Bank of America by an employee of the firm had the payees' indorsements forged by him. The first question presented is whether the defense of negligence in not discovering the fraud under the special circumstances of the case in time to have prevented repetition is available.

The plaintiff contends that as the Bank of the Manhattan Company accepted the checks on the faith of the guaranty of the indorsements by the Bank of America it has a complete remedy for reimbursement from the collecting bank and so can suffer no damage by having to pay its depositors; consequently that any negligence is negligible in its result. The Bank of America contends that if the depositors by their conduct have forfeited the right to transfer the burden of this loss to their own bank they have not the right to, in effect, shift it onto the other bank.

If one sought to be guided by the opinions in which this question has been referred to he would find himself in a maze. In the case of *Critten* v. *Chemical National Bank* (171 N. Y. 219) the prevailing opinion states positively that the existence of an adequate remedy against another bank that had guaranteed the signature is a bar to the defense of the drawee of negligence by the depositor. But the case was decided for the plaintiff because the bank itself was not free from negligence and the negligence of the depositor was accordingly not available as a defense anyway.

In *North British & Mercantile Ins. Co.* v. *Merchants' Nat. Bank* (161 App. Div. 341) the prevailing opinion expressed an opposite view and gave its reasons without paying the Court of Appeals' opinion the attention of a reference.

In *Prudential Ins. Co.* v. *Nat. Bank of Commerce* (227 N. Y. 510) the court held that there was a question of fact as to the negligence of the depositor that required a reversal in order to be passed on by a jury. In that case the checks had been collected through an outside bank but the court does not allude to this as affecting the defense of negligence and counsel do not appear to have presented the point.

On the other hand, it is said that in the case of *National Surety*

*Co.* v. *Seaboard National Bank* the defense of negligence was stricken out because it was conceded that the defendant had an adequate remedy over against another bank and the judgment was affirmed by the Appellate Term and leave to appeal therefrom unanimously denied by the Appellate Division (222 App. Div. 743).

Assuming that the depositors issued checks in this case by means of which their employee was enabled to pass his forgeries upon the banks and that but for the negligence of the depositors in not properly examining the statements and paid checks returned by their bank the depositors would have discovered the dishonesty of their employee which would have prevented the placing of further checks within his control, the bank that paid the checks would be protected because its mistake in accepting the indorsements as genuine would have been made possible by the negligence of the depositors in issuing the checks. The depositors cannot be allowed to exact performance of its full duty by their bank and not render performance of their own full duty. It is to be noted that the consequences of their negligence in issuing the check which might be employed as an instrument to defraud others were incurred then. It deprived them then of the right to repudiate the illegal use of the check that was to follow. They allowed a check to go out that should never have been issued and whether it was collected directly from their bank or through intermediate deposit in another bank did not make any difference to the makers of the check. Their wrongful act, complete before any deposit was made in any bank, was not relative to what means their employee might afterwards employ to perpetrate his fraud. The consequences of their wrongful act were not increased by their own bank being the only victim or diminished by another bank being also victimized.

I am of the opinion that the circumstance that the Bank of the Manhattan Company may have a remedy over against the Bank of America does not deprive the defendant of its right to defend against the plaintiff's claim on the ground of its negligence in issuing some of the checks. The motion to strike out this defense for its insufficiency in law must be denied.

This brings us to the question of whether the defendant has procured such proof as to require a submission to the jury of whether the depositors were negligent in not discovering the fraudulent practices of their employee before all had been consummated.

The checks were issued in the regular course of business, drawn to the order of customers of the firm. The diversion occurred when the employee forged the indorsements of the payees and

deposited the checks in his own bank account instead of forwarding them to the payees. Besides forging the indorsements the employee indorsed each check in his own name for deposit in his bank.

These fraudulent practices would have been discovered if a complete audit had been made of the firm's books. These could not have been brought into balance without the discovery of these stealings. No such audit was made before 1924. This may constitute a negligent manner of conducting business but the firm was not under a duty to outsiders to conduct its business other than in its own way and under no such duty to its bank. That the fraudulent practices were not disclosed by an earlier audit does not avail the defendant.

These fraudulent practices might have been discovered if the firm had examined the indorsements on the returned vouchers. The apparent appropriation of these considerable amounts by the employee to his own use by the indorsement and deposit of the checks in his own bank might have raised an inquiry as to what was the transaction behind these deposits. With knowledge of these indorsements of the employee it might have been the duty of the firm to have entertained a suspicion and followed it up by investigation and negligence not to do so. But there is no proof that the firm did examine the indorsements or have actual knowledge of what their employee was doing. And that requires an examination of whether they owed any duty to their bank to examine the indorsements.

It is well settled that the duty of a depositor to examine the account rendered by his bank and the vouchers in support of that statement does not extend to the indorsements. Having issued a genuine check which is returned to him without alteration and with the proper amount charged in the account the depositor may leave to the bank the responsibility for having paid the right party and he does not have to even look at the back of the check to scrutinize whether the bank has apparently performed its function. I know of no case that has held the opposite of this proposition. The depositor, however, owes a duty to his bank of more than checking up its statements of account. If any circumstance comes to the attention of the depositor to suggest an irregularity in the use of his checks he may not shut his eyes to this and avoid the trouble of an investigation. He owes it to his bank to do otherwise and his failure to do so is negligence. In the pursuit of such an investigation it may be the natural and required thing to do to resort to an examination of the indorsements of the checks but that is only because this may constitute a means of information. Until some circumstance of suspicion exists to start an inquiry

the depositor need not look for imaginary trouble by examining the indorsements of his checks or make a comparison thereof.

In the case at bar the circumstance that should have suggested an inquiry into the actions of the dishonest employee is the appropriation of these checks to his own use disclosed by his indorsement thereof. To discover this circumstance recourse must be had to an examination of the indorsements. The indorsement of itself would not suggest any inquiry until it was discovered and if there was nothing outside of the indorsement to make it the duty of the depositor to look for an irregularity the special circumstances that call for investigation by the depositor are missing.

I am of the opinion, therefore, that the defense of negligence in not discovering the fraudulent practices of the employee earlier is not supported by the proof and that there is no question under this defense upon the facts to submit to the jury.

There is, however, a further defense that the depositors discovered the forgeries and waited for nine months before they gave notice to their bank that they claimed a restatement of their account so as to exclude the credits for the payment of the checks with the forged indorsements and in the meanwhile had received monthly statements showing a balance which reflected these credits without objecting to or repudiating the same.

In the transactions between a depositor and a bank the law requires that a claim by the depositor that the account of the bank is erroneous must be made within a reasonable time after the discovery of the error. If the depositor fails to do so he becomes bound by the account as one settled between the parties. This rule rests, of course, on the idea that the bank is prejudiced by the delay but it does not depend upon any requirement of showing actual damage. It is assumed conclusively that that would be the fact and so the rule is made one of general application.

I do not think that any one would seriously contend that an interval of nine months was a reasonable period for delay in advising the bank of the claim of the depositors based on these forgeries. I should hold as a matter of law that it was unreasonable. The plaintiff seeks to escape from this result by proof that the bank did know something of these forgeries within the nine months; that at least two of the checks were made the subject of conversation between one of the firm and some one representing the bank and that the conviction and sentence of the dishonest employee was a matter of public notice and general knowledge. I do not think, however, that this informal knowledge is what the law requires to escape from the consequences of delay. At the beginning of the nine months the depositors had a statement that

purported to give the correct balance and the items of the depositors' account. If this account was to be challenged it would be by the exclusion or inclusion of definite items. General knowledge that there was included in this account some items involving a forgery was not a notice that the depositors repudiated the payment of specific items and made a claim to be reimbursed for the credit taken for the payment of these items. The depositors did not have to make any claim against the bank even if there were forgeries. The bank did not have to assume that the depositors intended to make a claim against it even though it had information that there had been forgeries. If the depositors intended to make a claim and it was for them to decide it was incumbent upon them that they should do so within a reasonable time.

I do not see any question of fact to submit to the jury upon this defense as I hold that the delay was unreasonable as a matter of law. This defense does not depend upon proving any damage; the fact that the depositors' bank may have a remedy over against the other bank if it had to pay the depositors does not affect this defense because, in those cases in which it was held that this was a bar to the defense of negligence, it was placed upon the ground that it reduced the damages to a negligible minimum.

The clerk will enter in his minutes that the motion of the plaintiff to strike out the first affirmative defense as not sufficient in law is denied with an exception to the plaintiff; that the plaintiff's motion to dismiss the first affirmative defense as not supported by the proof is granted with an exception to the defendant the Bank of the Manhattan Company; that the defendant's motion to dismiss the complaint upon the merits is granted with an exception to the plaintiff; that the claim for recovery over against the Bank of America by the Bank of the Manhattan Company is dismissed. A judgment is awarded dismissing the complaint upon the merits. A stay of thirty days is granted and sixty days within which to serve a proposed case on appeal.